## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

_____

| | | |
|---|---|---|
| MICHAEL BLACKWELL | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | JURY DEMANDED |
| BEST ONE TIRE OF JACKSON, INC. | § | |
| | § | |
|     Defendant. | § | |

## COMPLAINT

COMES THE PLAINTIFF, **MICHAEL BLACKWELL**, filing this Complaint against DEFENDANT, **BEST ONE TIRE OF JACKSON, INC.**  He shows:

### I. PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff, MICHAEL BLACKWELL, is a citizen and resident of Madison County, Tennessee.  Plaintiff is 56 years of age.

2.    Defendant, BEST ONE TIRE OF JACKSON, INC. is a domestic corporation (Tennessee) doing business in Madison County where it employed Plaintiff.

3.    This Court has subject matter jurisdiction under 28 U.S.C. §1331 (federal question jurisdiction) and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*  For Plaintiff's age discrimination claim under the ADEA, Plaintiff timely filed a charge of discrimination, received a Right to Sue dated January 20, 2015, and has filed his ADEA claims within the requisite ninety (90) days thereafter.  Additionally, this Court has subject matter jurisdiction over

Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) under Tennessee common law for intentional and/or negligent misrepresentation.

4.     Venue in this Western District of Tennessee is proper pursuant to 28 U.S.C. §1391, because the Defendant was doing business in this district or resides in this district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

## II.  FACTUAL BASES FOR SUIT

5.     Defendant employed Plaintiff in the position of Sales Manager at its Jackson, Tennessee location since 2008.

6.     Based on his strong performance, Defendant selected Plaintiff to open an additional location in Jackson, Tennessee.  This additional location was a separate stand-alone retail for single family vehicles, operating in addition to Defendant's already established commercial industrial vehicles facility.

7.     Plaintiff succeeded in opening the stand-alone facility and this retail store performed exceedingly well—So well, in fact, that Defendant paid Plaintiff a performance-bonus associated with the store's success.

8.     Defendant also operated a Brownsville, Tennessee location which provided both commercial and single family retail.

9.     By this time, Plaintiff was 54 years old and had the Jackson locations running strong.

10.    In May 2013, with the success of these retail stores, Darryl Griffin, an owner, represented that he wanted Plaintiff to help with a new business opportunity.

Griffin represented to Plaintiff that he should hire someone else as Store Manager in Jackson, Tennessee and, then, Plaintiff would assist with opening a stand-alone location in nearby Lexington, Tennessee.   Then, Plaintiff would be given the position of General Sales Manager overseeing all three retail locations—Jackson, Brownsville, and Lexington.

11.    Believing this was in the company's best interest and his own, and relying upon this promise, Plaintiff was induced to hire a replacement in the Jackson location, who was much younger than Plaintiff, and to set his sights upon the Lexington location and to becoming General Manager.

12.    However, after being induced to leave his Jackson position, Defendant advised him there would be no Lexington store at all, nor any position of General Manager.  Thus, Defendant terminated Plaintiff's employment altogether on August 14, 2013, keeping the younger and much lesser experienced person in Jackson, Tennessee.

13.    In an attempt to "justify" this conduct, Defendant falsely claimed that Plaintiff's performance was insufficient, writing on Separation documents that he was "not meeting job expectations."   This reason was a pretext for age discrimination.  In fact, Plaintiff enjoyed a very strong performance history which was the basis for representing to him that he would be General Manager (over retail locations); moreover, one month prior to his termination (July 2013), Plaintiff received a performance-based bonus which belies him being a poor performer warranting termination of employment.

14.    As Plaintiff's ADEA charges were investigated by the EEOC, on or about December 1, 2014, Defendant provided the EEOC with purported documentation to suggest poor performance, not age, was the reason for its actions.  This included alleged complaints against Plaintiff; however, this "evidence" was again pretextual and, in fact, included customer complaints dated December 5 and 6, 2013—*after* Plaintiff's termination and *after* Plaintiff's EEOC Charge was filed.

15.    Defendant's willful actions in terminating Plaintiff's employment because of his age, and making false representations to him, have taken a toll upon Plaintiff, causing him worry, financial distress, anxiety, and loss of enjoyment.

### III.  CAUSES OF ACTION

16.    Plaintiff brings the following causes of action against Defendant:

>    A.    Age Discrimination Under ADEA, 29 U.S.C. § 621, et seq.;
>
>    B.    Intentional or Negligent Misrepresentation.

17.    Plaintiff demands a jury.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF requests Defendant Answer this Complaint, that Plaintiff be Awarded all compensatory damages available, any other equitable relief, wage and benefit losses, liquidated damages, punitive damages, attorneys fees, costs, prejudgment interest and post-judgment interest, and any further relief at either law or equity to which he may be entitled.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT BOBBITT, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jsalonus@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFF*